**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| THERESA BARBER-WEHRMAN ) | |
| 7944 Brightwind Court ) | |
| Ellicott City, Maryland 21043 ) | |
| Howard County ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| PRINCE GEORGE'S COUNTY PUBLIC ) | |
| SCHOOLS ) | |
| 14201 School Lane ) | |
| Upper Marlboro, MD 20772 ) | |
| Prince George's County ) | Case Number: |
| ) | |
| and ) | |
| ) | COMPLAINT |
| PRINCE GEORGE'S COUNTY BOARD OF ) | |
| EDUCATION ) | |
| 14201 School Lane ) | |
| Upper Marlboro, MD 20772 ) | |
| Prince George's County ) | |
| ) | |
| and ) | |
| ) | |
| MONICA GOLDSON, CEO PRINCE GEORGE'S ) | |
| COUNTY PUBLIC SCHOOLS ) | |
| (in her official capacity) ) | |
| 14201 School Lane ) | |
| Upper Marlboro, Maryland 20772 ) | |
| Prince George's County ) | |
| | |
| Defendants. | |
| ) | |

## I.   <u>NATURE OF THE ACTION</u>

Theresa Barber-Wehrman ("Mrs. Barber-Wehrman"), brings this civil rights action against Prince

George's County Public Schools and Prince George's County Board of  Education (collectively,

"County Defendants"), and Monica Goldson (collectively with County Defendants,"Defendants")

for the discrimination, hostile work environment , retaliation and unequal treatment she suffered

on the basis of her sexual orientation, in violation Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.* ("Title VII"); Title IX of the Education Amendments of 1972, 20 U.S.C. §

1681, *et seq.* ("Title IX"); the Maryland Fair Employment Practices Act, Md. Code Ann., State

Gov't § 20-606, *et seq.* ("Maryland FEPA"); the Prince George's County, Md., Code, §§ 2-

186(a)(3), 2-222, *et seq.* ("PG Code"); 42 U.S.C. § 1981a; and, pursuant to 42 U.S.C. § 1983, the

Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV, § 1.

1.      Title VII, Title IX, the Maryland Fair Employment Practices Act, the Prince

George's County Code, and the Equal Protection Clause all prohibit discrimination on the basis of

sexual orientation.  Mrs. Barber-Wehrman, an Assistant Principal for Prince George's County

Public Schools, was forced to endure discrimination, a hostile work environment, and retaliation

during the course of her employment with Prince George's County Public Schools.  Such

unlawful acts were willfully ignored and unaddressed by her employer.

2.      The school administration ignored her attempts to remedy the discrimination and

Mrs. Barber-Wehrman engaged in protective action by filing a Discrimination or Harassment

Incident Report ("Incident Report") through Defendants' internal grievance process, and a Charge

of Discrimination ("Discrimination Charge") with the Equal Employment and Opportunity

Commission ("EEOC") and the Prince George's County Human Relations Commission.   As a

result of Mrs. Barber-Wehrman's filings, Defendants took adverse employment actions against

her.

3.      After an extensive and thorough investigation, the Prince George's County Human

Relations Commission issued a determination letter finding that there was sufficient evidence to

support Mrs. Barber-Wehrman's allegations that Defendant subjected her to discrimination and

harassment on the basis of sexual orientation and retaliated against her because she filed a

discrimination complaint.

4.      As a result of the discrimination, hostile work environment and retaliation Ms.Barber-Wehrman experienced in her place of employment, Mrs. Barber-Wehrman has suffered emotional distress, humiliation, embarrassment, stigmatization, and a loss of dignity at the hands of Defendants.

5.      Accordingly, Mrs. Barber-Wehrman brings this action against Defendants in order to remedy the harms they caused her and to ensure that Defendants can no longer unlawfully discriminate against employees based upon their sexual orientation.  Specifically, Mrs. Barber-Wehrman seeks redress for the injuries she suffered due to Defendants' creation of a hostile work environment and retaliation against her.

## II.     JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) because the matters in controversy arise under the laws and the Constitution of the United States, including Title VII, Title IX, 42 U.S.C. § 1981a, and 42 U.S.C. § 1983, all of which are laws providing for the protection of civil rights.

7.      This Court has supplemental jurisdiction over Defendants with respect to Mrs. Barber-Wehrman's State law and County Code claims pursuant to 28 U.S.C. § 1367 because those claims arise from a common nucleus of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices took place in the District of Maryland. Venue is also proper pursuant to 28 U.S.C. § 1391(b), because all of the events or omissions giving rise to Mrs. Barber-Wehrman's claims occurred in the District of Maryland.

## III.    PARTIES

9.      Defendants employed Mrs. Barber-Wehrman as an Assistant Principal from in or around August 2017 through the present time.

10.     Mrs. Barber-Wehrman, at all relevant times, was Defendants' "employee" within the meaning of 42 U.S.C. § 2000e(f), Md. Code Ann., State Gov't § 20-601(c)(1), and PG County Code § 2-186.

11.     Defendant Prince George's County Public Schools is a public school district in the State of Maryland, and has its offices at 14201 School Lane, Upper Marlboro, MD 20772.

12.     Defendant Prince George's County Board of Education is the official policy-making and oversight body for Prince George's County Public Schools, and has its offices at 14201 School Lane, Upper Marlboro, MD 20772.

13.     County Defendants are "employer[s]" within the meaning of 42 U.S.C. §2000e(b), Md. Code Ann., State Gov't § 20-601(d), and PG County Code § 2-186(a)(5). County  Defendants are also an "educational institution" within the meaning of 20 U.S.C. § 1681(c).

14.     Defendant Goldson is the Interim Chief Executive Officer for Prince George's County Public Schools, and has her offices at 14201 School Lane, Upper Marlboro, MD 20772.

15.     Defendant Goldson is a "person" within the meaning of 42 U.S.C. § 1983.

IV.     **ADMINISTRATIVE EXHAUSTION**

16.     On April 26, 2019, Mrs. Barber-Wehrman filed a timely Charge of Discrimination with the Prince George's County Human Relations Commission and the EEOC against Prince George's County Public Schools for sexual orientation discrimination and retaliation in violation of Title VII and the MFEPA.

17.     On May 21, 2020, the Prince George's County Human Relations Commission

("the Commission") issued a determination letter finding that there was sufficient evidence to support Mrs. Barber-Wehrman's allegations that Defendants subjected her to discrimination and harassment on the basis of sexual orientation and retaliated against her because she filed a discrimination complaint.

18.     On September 28, 2020, the Commission voted to certify this matter for public hearing.  At the time, no formal order had been issued by the Commission.

19.     Mrs. Barber-Wehrman executed a Request for Withdrawal of her Complaint with the Prince George's County Human Relations Commission dated October 6, 2020.

20.     On or about January 20, 2021, Mrs. Barber-Wehrman submitted a request for a Right to Sue to the EEOC, Baltimore Field Office.

21.     The EEOC referred the matter to the U.S. Department of Justice.

22.     On April 23, 2021, Mrs. Barber-Wehrman received a Notice of Right to Sue from the United States Department of Justice, Civil Rights Division ("DOJ"). This action is timely commenced within 90 days of Mrs. Barber-Wehrman's receipt of the Notice.

**V.     STATEMENT OF FACTS**

23.     Between October 2017 and June 2018, Mrs. Barber-Wehrman's Principal and immediate supervisor, Rhonda Simley ("Simley), repeatedly made offensive comments about her sexual orientation to others such as, "Did you know she was a weak lesbian bitch", "I guess she is the man in the relationship, "I don't like you since you got married".  Simley also removed some of Mrs. Barber-Wehrman's job responsibilities from her.

24.     Mrs. Barber-Wehrman informed Simley that the aforementioned comments offended her and she complained to the management team, but nothing was done.

25.     October 30, 2017, an anonymous email was sent to the former Chief Executive Officer for Prince George's County Public Schools (hereafter former CEO) which stated that

Simley harassed and discriminated against employees on the basis of gender and their perceived [sexual] orientation.

26.     On October 31, 2017, the former CEO forwarded the email to the Instructional Director who acknowledged it and replied that he would follow-up appropriately.  As directed by the CEO, the Instructional Director met with staff members including Mrs. Barber-Wehrman and Simley to discuss the anonymous complaint.  However, no action was taken to stop the alleged harassment at that time.

27.     On June 18, 2018, Mrs. Barber-Wehrman submitted an internal discrimination complaint to the Defendant in which she alleged that she had been subjected to ongoing sexual orientation harassment and intimidation by Simley which began in or about October 2017.  In her complaint, Mrs. Barber-Wehrman alleged that Simley made derogatory comments to other employees about her sexual orientation and voiced her disapproval about her marriage to a female.

28.     On December 20, 2018, the Defendants' Equal Opportunity Advisor (hereafter EEO Advisor) prepared and sent a Letter of Determination on behalf of the Defendants to Mrs. Barber-Wehrman which failed to sustain Mrs. Barber-Wehrman's allegations that she was subjected to sexual orientation harassment or retaliated against by Simley.

29.     However, the EEO Advisor's Letter of Determination cited a February 22, 2018, incident in which Simley made inappropriate comments to a staff member about another employee's perceived sexual orientation. In addition, the EEO Advisor concluded in her Letter of Determination that Simley had engaged in a pattern of behavior which contributed to a negative work environment and recommended that a transfer should be considered for one or both of the parties, Mrs. Barber-Wehrman and/or Simley.

30.     Although Mrs. Barber-Wehrman acknowledges that none of Simley's alleged derogatory comments were made directly to her or in her presence, sufficient evidence supports

that Simley routinely made derogatory comments about Mrs. Barber-Wehrman's sexual orientation and her marriage during conversations with other employees.

31.     Four (4) witnesses were interviewed by the Commission and stated they heard first-hand Simley make offensive comments about Mrs. Barber-Wehrman's sexual orientation and her marriage. The four (4) witnesses also stated Simley routinely made derogatory comments about other staff members who she perceived to be non-heterosexual.

32.     One (1) one of the witnesses stated that during a conversation, Simley told her that she did not agree with Mrs. Barber-Wehrman's lifestyle because of her sexual preference and added that Simley said if she had known about Mrs. Barber-Wehrman's sexual orientation, she would not have hired her.

33.     Four (4) of the Defendant's employees who hold supervisory positions were interviewed and denied knowledge of Mrs. Barber-Wehrman's allegations of discrimination prior to being notified by the EEOC Advisor in or about June 2018. Contrary to their denials, documentation disclosed the cited employees were made aware of Mrs. Barber-Wehrman's discrimination complaint as early as October 2017, but no action was taken to address her complaint.

34.     On November 22, 2019, Mrs. Barber-Wehrman's Chief Human Resources Officer sent a letter to Mrs. Barber-Wehrman advising her that effective December 2, 2019, she would be reassigned to Kettering Middle School.

35.     The letter disclosed that Defendant's decision to reassign Mrs. Barber-Wehrman came from the Equal Employment Opportunity Office.

36.     Although the EEO Advisor's December 20, 2018, Letter of Determination recommended the transfer of one (1) or both of the parties, Mrs. Barber-Wehrman was transferred against her wishes, but Simley was not.

37.     On December 4, 2019, Mrs. Barber-Wehrman filed a grievance against the Defendant to contest her involuntary transfer.

38.     On December 6, 2019, the Defendant's Chief Human Resources Officer sent Mrs. Barber-Wehrman another letter which stated that the decision to transfer her was based on an emergency which resulted in an Assistant Principal's vacancy which was created because the current principal was going on leave for an undetermined period of time.

39.     The conflicting reasons given for the transfer evidence that there was a pretextual retaliatory reason for Mrs. Barber-Wehrman's involuntary transfer to a different school.

40.     There is sufficient evidence to support Mrs. Barber-Wehrman's allegations that the Defendants subjected her to discrimination and harassment on the basis of sexual orientation and retaliated against her because she filed a discrimination complaint.

## COUNT I – DEPRIVATION OF EQUAL PROTECTION

## IN VIOLATION OF THE FOURTEENTH AMENDMENT

### (Hostile Work Environment)

### (Against Defendant Monica Goldson)

41.     While employed as a teacher at Prince George's County Public Schools by Defendant Goldson in her official capacity, Mrs. Barber-Wehrman was harassed by Simley because of her sexual orientation.

42.     The harassment Mrs. Barber-Wehrman endured was unwelcome. Indeed, Mrs. Barber-Wehrman repeatedly asked the management team to correct Simley's behavior and reported incidents of harassment to the administration to no avail.

43.     The harassment Mrs. Barber-Wehrman endured was sufficiently severe or pervasive as to alter the terms, conditions, and privileges of her employment, and to create an abusive, intimidating, humiliating, hostile, and offensive working environment for Mrs. Barber-Wehrman.

44.     Defendant Goldson willfully ignored or was recklessly indifferent to the discrimination, harassment, and hostile work environment to which Mrs. Barber-Wehrman was subjected.

45.     Defendant Goldson had actual and constructive knowledge of the hostile work environment from which Mrs. Barber-Wehrman was suffering and did not take appropriate remedial action.

46.     As a result, Defendant Goldson discriminated against Mrs. Barber-Wehrman with regard to her terms, conditions, or privileges of Mrs. Barber-Wehrman's employment because of her sexual orientation.

47.     Defendant Goldson deprived Mrs. Barber-Wehrman of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, the right guaranteed by the Fourteenth Amendment to the Constitution of the United States to the equal protection of laws.

48.     Defendant Goldson's officers and school administrators, including Simley, acted under pretense and color of state law and within the scope of their employment.

49.     Mrs. Barber-Wehrman, as a public school teacher, enjoyed a constitutionally-protected right, to be free from sex-based discrimination and mistreatment because of her sexual orientation.

50.     Accordingly, Defendant Goldson is liable for the violation of Mrs. Barber-Wehrman's Fourteenth Amendment rights under 42 U.S.C. § 1983, and Mrs. Barber-Wehrman is entitled to declaratory and injunctive relief against her.

**COUNT II – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION**

**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

**(Hostile Work Environment) (Against County Defendants)**

51.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

52.     Title VII of the Civil Rights Act of 1964 provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's . . . sex." 42. U.S.C. § 2000e-2(a)(1).

53.     Discrimination on the basis of sexual orientation is encompassed by the prohibition on discrimination on the basis of "sex" under Title VII.

54.     Mrs. Barber-Wehrman has a right under Title VII to compensation, terms, conditions, or privileges of employment, including a non-hostile work environment, free from discrimination or harassment because of her sexual orientation.

55.     While employed as a teacher at Prince George's County Public Schools, Mrs. Barber-Wehrman was harassed, by Simley who directed derogatory comments toward Mrs. Barber-Wehrman because of her sexual orientation.

56.     The harassment Mrs. Barber-Wehrman endured was unwelcome. Indeed, Mrs. Barber-Wehrman repeatedly asked the management team and school administrators to correct Simley's behavior and repeatedly reported incidents of harassment to the administration to no avail.

57.     The harassment was sufficiently severe or pervasive as to alter the terms, conditions, and privileges of Mrs. Barber-Wehrman's employment, and to create an abusive, intimidating, humiliating, hostile, offensive working environment for Mrs. Barber-Wehrman.

58.     County Defendants willfully ignored or were recklessly indifferent to the discrimination, harassment, and hostile work environment to which Mrs. Barber-Wehrman was subjected.

59.     County Defendants had actual and constructive knowledge of the hostile work environment from which Mrs. Barber-Wehrman was suffering and did not take appropriate remedial action.

60.     As a result, County Defendants discriminated against Mrs. Barber-Wehrman with regard to the terms, conditions, or privileges of Mrs. Barber-Wehrman's employment because of her sexual orientation.

61.     Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and (2).

## COUNT III – DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION

## IN VIOLATION OF TITLE IX OF THE EDUCATION

## AMENDMENTS OF 1972

### (Hostile Work Environment) (Against County Defendants)

62.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

63.     Title IX provides that "[n]o person in the United States shall, on the basis of sex, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. § 1681(a).

64.     In addition, pursuant to Title IX, "[n]o person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any education program or activity operated by a recipient which receives Federal financial assistance." 34 C.F.R. § 106.51(a)(1).

65.     Discrimination on the basis of sexual orientation is encompassed by the prohibition on discrimination on the basis of "sex" under Title IX.

66.     Upon information and belief, County Defendants are an educational institution that receives federal financial assistance for their educational activities, and are therefore covered under Title IX

67.     Mrs. Barber-Wehrman has a right under Title IX to compensation, terms, conditions, or privileges of employment, including a non-hostile work environment, free from discrimination or harassment based on her sexual orientation.

68.     While employed as a teacher at Prince George's County Public Schools, Mrs. Barber-Wehrman was harassed, with impunity, by Simley who directed derogatory comments toward Mrs. Barber-Wehrman on the basis of her sexual orientation.

69.     The harassment Mrs. Barber-Wehrman endured was unwelcome.

70.     Mrs. Barber-Wehrman repeatedly asked the school administrators to correct Simley's  behavior and repeatedly reported incidents of harassment  to school administrators to no avail.

71.     The harassment was sufficiently severe or pervasive as to alter the terms, conditions, and privileges of Mrs. Barber-Wehrman's employment, and to create an abusive, intimidating, humiliating, hostile, offensive working environment for Mrs. Barber-Wehrman.

72.     County Defendants deliberately ignored or were recklessly indifferent to the discrimination, harassment, and hostile work environment to which Mrs. Barber-Wehrman was subjected.

73.     County Defendants had actual and constructive knowledge of the hostile work environment from which Mrs. Barber-Wehrman was suffering and did not take appropriate remedial action.

74.     As a result, County Defendants discriminated against Mrs. Barber-Wehrman

with regard to her terms, conditions, or privileges of her employment because of her sexual orientation.

75.     Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

## COUNT IV – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION IN VIOLATION OF THE MARYLAND FEPA

### (Hostile Work Environment) (Against County Defendants)

76.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

77.     The Maryland FEPA, § 20–606(a)(1)(i), provides that employers may not "discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of . . . sex . . . [or] sexual orientation." Md. Code Ann., State Gov't § 20-606.

78.     Discrimination on the basis of sexual orientation is encompassed by the prohibition on discrimination on the basis of "sex" and "sexual orientation" under the Maryland FEPA.

79.     Mrs. Barber-Wehrman has a right under the Maryland FEPA to compensation, terms, conditions, or privileges of employment, including a non-hostile work environment, free from discrimination or harassment because of her sexual orientation.

80.     While employed as a teacher at Prince George's County Public Schools, Mrs. Barber-Wehrman was harassed, with impunity, by Simley who directed derogatory comments toward Mrs. Barber-Wehrman because of her sexual orientation.

81.     The harassment Mrs. Barber-Wehrman endured was unwelcome.

82.     Mrs. Barber-Wehrman repeatedly asked the school administrators to correct Simley's  behavior and repeatedly reported incidents of harassment to school administrators to no avail.

83.     The harassment was sufficiently severe or pervasive as to alter the terms, conditions, and privileges of Mrs. Barber-Wehrman's employment, and to create an abusive, intimidating, humiliating, hostile, offensive working environment for Mrs. Barber-Wehrman.

84.     County Defendants deliberately ignored or were recklessly indifferent to the discrimination, harassment, and hostile work environment to which Mrs. Barber-Wehrman was subjected.

85.     County Defendants had actual and constructive knowledge of the hostile work environment from which Mrs. Barber-Wehrman was suffering and did not take appropriate remedial action.

86.     As a result, County Defendants discriminated against Mrs. Barber-Wehrman with regard to her terms, conditions, or privileges of her employment because of her sexual orientation.

87.     Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by the Maryland FEPA, Md. Code Ann. State Gov't § 20–606(a)(1)(i).

## COUNT V – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION
## IN VIOLATION OF PRINCE GEORGE'S COUNTY CODE
### (Hostile Work Environment) (Against County Defendants)

88.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

89.     The County Code of Prince George's County, § 2-222, provides that employers may not "act against any person with respect to compensation or other terms and conditions of employment, or limit, segregate, classify, or assign employees because of discrimination." Prince George's County, Md., Code, § 2-222.

90.     The County Code of Prince George's County, § 2-186(a)(3), defines discrimination as, "acting, or failing to act, or unduly delaying any action regarding any person because of . . . sex . . . in such a way that such person is adversely affected in . . . employment." Prince George's County, Md., Code, § 2-186(a)(3).

91.     Discrimination on the basis of sexual orientation is encompassed by the prohibition on discrimination on the basis of "sex" under §§ 2-186(a)(3) and 2-222 of the County Code of Prince George's County.

92.     Mrs. Barber-Wehrman has a right under §§ 2-186(a)(3) and 2-222 of the County Code of Prince George's County to compensation, terms, conditions, or privileges of employment, including a non-hostile work environment, free from discrimination or harassment because of her sexual orientation.

93.     While employed as a teacher at Prince George's County Public Schools, Mrs. Barber-Wehrman was harassed, with impunity, by Simley who directed derogatory comments toward Mrs. Barber-Wehrman because of her sexual orientation.

94.     The harassment Mrs. Barber-Wehrman endured was unwelcome.

95.     Mrs. Barber-Wehrman repeatedly asked the school administrators to correct Simley's behavior and repeatedly reported incidents of harassment to school administrators to no avail.

96.     The harassment was sufficiently severe or pervasive as to alter the terms,

conditions, and privileges of Mrs. Barber-Wehrman's employment, and to create an abusive, intimidating, humiliating, hostile, offensive working environment for Mrs. Barber-Wehrman.

97.     County Defendants deliberately ignored or were recklessly indifferent to the discrimination, harassment, and hostile work environment to which Mrs. Barber-Wehrman was subjected.

98.     County Defendants had actual and constructive knowledge of the hostile work environment from which Mrs. Barber-Wehrman was suffering and did not take appropriate remedial action.

99.     As a result, County Defendants discriminated against Mrs. Barber-Wehrman with regard to her terms, conditions, or privileges of Mrs. Barber-Wehrman's employment because of her sex.

100.    Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by PG County Code, Division 12, §§ 2-186(a)(3) and 2-222.

## COUNT VI – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Retaliation) (Against County Defendants)

101.    Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

102.    Mrs. Barber-Wehrman opposed County Defendants' hostile work environment by filing an Incident Report through County Defendants' internal grievance process and a Discrimination Charge with the EEOC, both of which constitute protected activity.

103.     As a result of engaging in this protected activity, County Defendants deliberately and intentionally took adverse employment actions against Mrs. Barber-Wehrman, including, but no limited to, involuntarily transferring her to another school.

104.     County Defendants' employees with managerial and supervisory power over Ms. Barber-Wehrman took these adverse employment actions.

105.     As a result, County Defendants retaliated against Mrs. Barber-Wehrman because she engaged in protected activity.

106.     Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

## COUNT VII – DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 (Retaliation) (Against County Defendants)

107.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

108.     Upon information and belief, County Defendants are an educational institution that received federal financial assistance for their educational activities, and were therefore covered under Title IX.

109.     Because Congress enacted Title IX to prevent use of federal funding to support discriminatory practices, reporting an incident of discrimination is integral to Title IX enforcement. Accordingly, persons who complain about sex discrimination have protection against retaliation.

110.     Title IX prohibits retaliation against individuals who engage in protected activity, including voicing concerns to superiors at the educational institution and filing good faith complaints of sex discrimination.

111.     Mrs. Barber-Wehrman opposed County Defendants' discrimination by informing superiors at the educational institution of the discrimination from which she was suffering, filing an Incident Report through County Defendants' internal grievance process, and filing a Discrimination Charge with the EEOC, all of which constitute protected activity.

112.     As a result of engaging in this protected activity, County Defendants deliberately and intentionally took adverse employment actions against Mrs. Barber-Wehrman, including, but no limited to, involuntarily transferring her to another school.

113.     County Defendants' employees with managerial and supervisory power over Ms. Barber-Wehrman took these adverse employment actions.

114.     As a result, County Defendants retaliated against Mrs. Barber-Wehrman because she engaged in protected activity.

115.     Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

## COUNT VIII – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION IN
## VIOLATION OF THE MARYLAND FEPA
### (Retaliation) (Against County Defendants)

116.     Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

117.    Mrs. Barber-Wehrman opposed County Defendants' hostile work environment by filing an Incident Report through County Defendants' internal grievance process and a Discrimination Charge with the EEOC, both of which constitute protected activity.

118.    As a result of engaging in this protected activity, County Defendants deliberately and intentionally took adverse employment actions against Mrs. Barber-Wehrman, including, but no limited to, involuntarily transferring her to another school.

119.    County Defendants' employees with managerial and supervisory power over Ms. Barber-Wehrman took these adverse employment actions.

## COUNT IX – DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION IN VIOLATION OF PRINCE GEORGE'S COUNTY CODE

### (Retaliation) (Against County Defendants)

120.    Mrs. Barber-Wehrman realleges, adopts, and incorporates by reference the allegations in the previous paragraphs as if fully set forth herein.

121.    Mrs. Barber-Wehrman opposed County Defendants' hostile work environment by filing an Incident Report through County Defendants' internal grievance process and a Discrimination Charge with the EEOC, both of which constitute protected activity.

122.    As a result of engaging in this protected activity, County Defendants deliberately and intentionally took adverse employment actions against Mrs. Barber-Wehrman, including, but no limited to, involuntarily transferring her to another school.

123.    County Defendants' employees with managerial and supervisory power over Mrs. Barber-Wehrman took these adverse employment actions.

124.    As a result, County Defendants retaliated against Mrs. Barber-Wehrman because she engaged in protected activity.

125.    Accordingly, County Defendants have violated Mrs. Barber-Wehrman's rights protected by Prince George's County, Md., Code, § 2-186(a)(3) and 2-222.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Mrs. Barber-Wehrman respectfully requests that this Court enter Judgment in her favor and against Defendants on all claims as follows:

a.    Enter a declaratory judgment that the actions of Defendants complained herein are in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*; the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606, *et seq.*; the Prince George's County, Md., Code, §§ 2-186(a)(3), 2-222, *et seq.*; the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV, § 1, enforceable through 42 U.S.C. § 1983; and 42 U.S.C. § 1981a;

b.    An award of appropriate prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the discrimination Mrs. Barber-Wehrman endured.

c.    An award of compensation for past and future pecuniary losses resulting from the unlawful discrimination described above in amounts to be determined at trial;

d.    An award of compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, embarrassment, anxiety, stress, depression, humiliation, loss of enjoyment of life, and violation of her dignity, in amounts to be determined at trial;

e.    Issue permanent injunctive relief ordering Defendants, their agents, employees, successors, and all others acting in concert with Defendants, to refrain from discriminating on

- 19 -

the basis of sexual orientation, in the provision of compensation, terms, conditions, or privileges of employment, and requiring Defendants to implement such training for students, staff, and administrators at Prince George's County Public Schools regarding sexual orientation discrimination;

      f.     Award Mrs. Barber-Wehrman punitive damages;

      g.     Award Mrs. Barber-Wehrman the costs and disbursements of this action, including reasonable attorneys' fees; and

      h.     Grant such other and further relief in favor of Mrs. Barber-Wehrman as this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated: 7/22/2021

Respectfully submitted,

   /s/ Karen M. Selby         
Karen M. Selby, Esq. (Bar No. 20943)
GRIFFIN SELBY LAW PLLC
3261 Old Washington Rd., Ste. 2020
Waldorf, MD 20602
Telephone: 202-844-5753
Fax: 800-650-8906
Email: kselby@griffinselbylaw.com
Attorney for Plaintiff